**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:25-cv-00291-SPG-AJR                    Date:  May 4, 2026
                                                       Page 1 of 3

Title:        Pierre Stephen Simms v. John Doe, et al.

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY DEFENDANT SGT. JOHN DOE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 4(m)**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

    Ashley Silva-Elder              None                    None
    Deputy Clerk          Court Reporter/Recorder         Tape No.

    ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
        PLAINTIFF:                          DEFENDANTS:

    None Present                        None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On December 19, 2025, Plaintiff Pierre Stephen Simms ("Plaintiff"), a *pro se* pretrial detainee currently confined at the West Valley Detention Center in Rancho Cucamonga, California, filed the operative Second Amended Complaint (the "SAC") pursuant to 42 U.S.C. § 1983 against Sgt. A. Medawar and Sgt. John Doe (collectively, "Defendants"), who were employed at the High Desert Detention Center in Adelanto, California at the time of the alleged constitutional violations.  (Dkt. 29.)

The Court screened the SAC and determined that it was appropriate for service by the U.S. Marshals Service.  Accordingly, on February 3, 2026, the Court issued an Order

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES – GENERAL**</u>

Case No.       5:25-cv-00291-SPG-AJR                    Date:  May 4, 2026
                                                        Page 2 of 3

Title:         <u>Pierre Stephen Simms v. John Doe, et al.</u>

Directing Service of Process directing the U.S. Marshal to serve the summons and SAC on
Defendant Sgt. A. Medawar in his individual capacity. (Dkts. 32-34.)  On March 23, 2026,
the U.S. Marshal filed a Process Receipt and Return (USM-285) indicating that the
summons and SAC were served on February 10, 2026.  (Dkt. 35.)  The sufficiency of
service on Defendant Sgt. A. Medawar will be addressed in a separate order.

        As to Defendant Sgt. John Doe, the Court advised Plaintiff on February 3, 2026
that there was insufficient information for the Court to direct service of process.  (Dkt. 32
at 2.)  The Court further advised that it was Plaintiff's responsibility to obtain identifying
information sufficient to permit service on Sgt. John Doe.  (<u>Id.</u>)  The Court warned
Plaintiff that if he could not provide the information necessary to effectuate service on Sgt.
John Doe within ninety (90) days, that the defendant would be subject to dismissal without
prejudice under Federal Rule of Civil Procedure 4(m).  (<u>Id.</u>)

        To assist Plaintiff in identifying Sgt. John Doe, the Court authorized Plaintiff to
conduct limited discovery.  (<u>Id.</u>)  The Court advised Plaintiff that if he believed a non-
party possessed information identifying Sgt. John Doe, he could serve a subpoena duces
tecum.  (<u>Id.</u>)  Plaintiff was given until March 3, 2026 to return a completed subpoena form
to the Court so that the U.S. Marshals Service could serve the subpoena.  (<u>Id.</u>)  Plaintiff
was required to identify the individual or entity to be served, provide a service address,
and specify the information sought.  (<u>Id.</u>)

        As of the date of this Order, Plaintiff has neither submitted the subpoena nor
requested an extension of time in which to do so.  As the Court previously advised, failure
to provide identifying information for Sgt. John Doe may result in dismissal of that
defendant without prejudice for failure to effectuate service under Federal Rule of Civil
Procedure 4(m).  (<u>Id.</u>)

        Accordingly, Plaintiff is ORDERED TO SHOW CAUSE by **May 25, 2026** why
Defendant Sgt. John Doe should not be dismissed without prejudice for failure to
effectuate service.  Plaintiff may satisfy this Order by filing a response signed under
penalty of perjury setting forth any reason why Sgt. John Doe should not be dismissed
from the action.  Plaintiff is warned that failure to timely respond to this Order will result

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-00291-SPG-AJR                    Date:  May 4, 2026
                                                                            Page 3 of 3

Title:        <u>Pierre Stephen Simms v. John Doe, et al.</u>

in a recommendation that Sgt. John Doe be dismissed from the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

        If Plaintiff no longer wishes to pursue his claim against Sgt. John Doe, he may voluntarily dismiss this defendant by filing a <u>Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)</u>.  A form Notice of Dismissal is attached for Plaintiff's convenience.

        IT IS SO ORDERED.


<u>Attachment</u>:

CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).